IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )   CRIMINAL NO. 09-3065 ERW
      vs.                         )
                                  )
KEVIN POWERS,                     )
                                  )
            Defendant.            )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Opposed Motion to Discharge Defense Counsel and to Appoint Substitute Counsel [doc. #257], and Defendant's Unopposed Motion to Continue Sentencing [doc. # 256].

The Court held a telephone hearing on Defendant's Motions on July 21, 2011.  Counsel for both parties, and Defendant, took part in the proceedings.  Following an initial discussion of the matters to be considered by this Court, Plaintiff's counsel disconnected from the telephone hearing so that the Court could proceed with an *in camera* hearing on Defendant's Motion to Discharge and to Appoint Substitute Counsel.  Plaintiff's counsel re-connected to the telephone hearing at the conclusion of the *in camera* hearing.

**DISCUSSION**

**I.     Motion to Discharge Counsel and to Appoint Substitute Counsel**

"To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987) (citation and internal quotation marks omitted); *see also United States v. Porter*, 405 F.3d 1136, 1140.  "Good cause for substitution of counsel consists of more than a mere strategic

disagreement between a defendant and his attorney . . . rather, there must be a total breakdown in communications." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) (citations omitted). "[T]o prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *Id.* "Brief disagreements or arguments will not suffice to prove total breakdown." *Id.* at 1251.

Determining whether to grant a defendant's request to substitute counsel requires a court to adequately inquire into defendant's reasons for making the request. *See Romero v. Furlong*, 215 F.3d 1107, 1113-14 (10th Cir. 2000); *see also Padilla*, 819 F.2d at 956 n.1 ("[T]he district court should make formal inquiry into the defendant's reasons for dissatisfaction with present counsel when substitution of counsel is requested.") (internal citations omitted). "If a defendant makes sufficiently specific factually based allegations in support of his request for new counsel, the district court must conduct a hearing into his complaint." *Lott*, 310 F.3d at 1249. "Hearings typically are crucial for what they add to a district court's knowledge . . . [because] [t]hey help a court determine whether an attorney-client conflict rises to the level of a 'total breakdown in communication' or instead whether the conflict is insubstantial or a mere 'disagreement about trial strategy [that] does not require substitution of counsel.'" *Id.* (citing *United States v. Taylor*, 128 F.3d 1105, 1110 (7th Cir. 1997). During the hearing, the Court should consider: "1) whether the defendant's motion for new counsel was timely; 2) whether the trial court adequately inquired into defendant's reasons for making the motion; 3) whether the defendant-attorney conflict was so great it that it led to a total lack of communication precluding an adequate defense; and 4) whether the defendant substantially and unreasonably contributed to the communication breakdown." *Id*. at 1250 (citing *Romero*, 215 F.3d at 1113). A district court's determination will

2

be reviewed for abuse of discretion. *Porter*, 405 F.3d at 1140.

The Court concludes, after conducting the *in camera* hearing, that Defendant has failed to carry his burden showing a complete breakdown in communication between himself and his counsel. *See Lott*, 310 F.3d at 1249. Clearly, Defendant's motion for appointment of substitute counsel was timely; the Court made adequate inquiry into Defendant's reasons for the motion for substitute counsel; the defendant-attorney conflict is not so great that it led to a total lack of communication precluding an adequate defense, and the Court concludes that Defendant's exaggerated expectation of dedication of time to his case by present counsel substantially contributed to Defendant's stated dissatisfaction. Furthermore, the *in camera* hearing demonstrated that Defendant and his counsel are still communicating. The Court's inquiry revealed Defendant's apparent dissatisfaction of the result of his trial and counsel's representation, as well as Defendant's disappointment with how his case was tried. However, Defendant also recognized the professionalism of his counsel and stated his request for substitute counsel was not based on any personal animosity towards his counsel. The Court believes that the issues presented by Defendant do not constitute good cause for substitution of counsel at this stage of the proceedings. Defendant's arguments, concise and extremely well-articulated, relate to claims of ineffective assistance of counsel, which may be raised on appeal. As a result of Defendant's inadequate covering of the issues needed to discharge counsel, who has an enormous amount of institutional knowledge regarding this case, the Court will decline to sustain the Motion for substitution of counsel at this time. Given any amount of time for new counsel to become familiar with all issues pertinent to sentencing, the Court concludes that no substitute counsel could be as well-prepared as current counsel who has been intensively involved with the case for more than twenty months. Defendant's Motion is therefore denied. The Court would

like to note that it is not ruling based on any delay that would be caused by the appointment of substitute counsel, but on Defendant's failure to carry his burden.

## II.     Motion to Continue Sentencing

The Court additionally requested respective counsel to provide their estimates of the amount of time required for both proceeding without granting Defendant's Motion, and with the presence of new counsel.  Defendant's counsel estimated that he would require approximately 45 days to prepare for Defendant's sentencing hearing, if he were not discharged, and that any substitute counsel would require 120 days or longer.  The Court finds that Defendant's sentencing date will be continued.  The Court additionally denies Plaintiff's Counsel's oral motion to incarcerate Defendant, as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Opposed Motion to Discharge Defense Counsel and to Appoint Substitute Counsel [doc. #257] is **DENIED.**

**IT IS HEREBY FURTHER ORDERED** that Defendant's Unopposed Motion to Continue Sentencing [doc. # 256] is **GRANTED.**  The sentencing date is rescheduled for **September 13, 2011**, **at 10:00 a.m**, in Albuquerque, New Mexico.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's oral motion to incarcerate Defendant is **DENIED, as moot.**

Dated this 25th Day of July, 2011.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE