IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL No. 09-3065 MCA |
| | ) | |
| KEVIN POWERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matters comes before the Court upon Defendant Kevin Powers' Motion for Release Pending Appeal [ECF No. 295].  The United States opposes the Motion [ECF No. 301].

I.      **BACKGROUND**

On July 27, 2010, Defendant was indicted on 17 counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 [ECF No. 83].  The United States alleged that Defendant, a real estate agent and mortgage broker, had defrauded mortgage lenders by operating a "cash back" scheme, in which Defendant recruited property buyers as investors and instructed them to purchase residential real estate properties for an amount in excess of the seller's asking price.  The United States alleged Defendant caused the buyers to submit loan applications that misrepresented their personal finances and occupancy intentions, and that Defendant concealed these misrepresentations.  The United States alleged that these misrepresentations caused the lenders to approve the loan applications and to wire the loan proceeds to real estate title companies.  The United States alleged further that Defendant concealed that a significant portion of these loan proceeds would be funneled back to the buyers through K&E Construction, a purported construction company owned by Defendant, so that the buyers could use these proceeds to pay

down their newly-acquired debt.  The United States alleged that Defendant had executed this scheme with respect to various real estate transactions throughout the United States.

Defendant proceeded to jury trial.  At trial, the United States called the buyers and lenders to testify.  The buyers' testimony was that they had submitted loan applications containing false financial and occupancy information, and that Defendant was aware of these misrepresentations due to their prior business dealings.  The lenders' testimony was that the misrepresented information was material to their decision to approve the loans, and that they would not have approved the loans if the buyers had provided accurate information.  The United States also presented a recorded phone conversation between Defendant and one of the buyers, Christopher Sena, in which Defendant specifically warns Sena against telling the FBI about the cash back loan money Sena received from K&E Construction.

The jury found Defendant guilty on all 17 counts [ECF No. 233].  This Court entered judgment against Defendant on September 16, 2011, and sentenced him to a term of 56 months in prison [ECF No. 289].  Shortly thereafter, Defendant filed a notice of appeal [ECF No. 290].

Pursuant to 18 U.S.C. § 3143(b), Defendant now files a Motion for Release Pending Appeal [ECF No. 295].[1]  Defendant argues that he should remain out of custody on the existing conditions of his release until his appeal is resolved, contending that various points raised in his Motion for Judgment of Acquittal [ECF No. 238] or Motion for New Trial Based on Newly

---

[1] The filing of a notice of appeal usually divests the district court of jurisdiction over a case.  *See*, *e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  However, the district court is to make the initial determination under § 3143 of whether a convicted and sentenced defendant is to be released on bail pending the disposition of his appeal.  *See United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996); Fed. R. App. Pro. 9(b) and advisory committee notes, subdivision (b).

Discovered Evidence of a Conflict of Interest [No. 264] present grounds for him to be released.

## II.    STANDARD OF REVIEW

18 U.S.C. § 3143(b)(1) states, in part:

**(b) Release or detention pending appeal by the defendant.**–(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–

(A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

    (i)     reversal,
    (ii)    an order for a new trial,
    (iii)   a sentence that does not include a term of imprisonment, or
    (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In *United States v. Allen*, 765 F.2d 944 (10th Cir. 1985), the United States Court of Appeals for the Tenth Circuit interpreted § 3143(b) and set forth the showings a defendant who has been found guilty and been sentenced must make to be released on bail pending appeal. First, a defendant must satisfy § 1343(b)(1)(A).  *Id*. at 953.  To do so, a defendant must show that he is not likely either to flee or to pose a danger.  *Id*.  The defendant's burden of proof for these showings is by clear and convincing evidence.  *Id*.

Secondly, a defendant must satisfy § 1343(b)(1)(B).  *Id*.  To do so, a defendant must show that his appeal is not for the purpose of delay, and that his appeal raises a "substantial question" of law or fact.  In addition, the defendant must show that the favorable resolution of that

substantial question is "likely to result in reversal or an order for a new trial."  *Id*. The Tenth

Circuit made clear that the decision to reverse or order a new trial must be for "all counts on

which imprisonment has been imposed."  *Id*.  The defendant's burden of proof for these

showings is by a preponderance of the evidence.  *Id.* at 943 & n.15.

 *Allen* also interpreted the meaning of "substantial question" and "likely to result in

reversal or an order for a new trial."  *Id.* at 952.  The Tenth Circuit wrote that a "substantial

question" was a "'close' question or one that very well could be decided the other way."  *Id*.

(quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).  The Tenth Circuit also

noted that a question might not be "substantial" even though no controlling precedent existed.[2]

*Id*.  In this way, the Tenth Circuit cast doubt on the Third Circuit's more expansive definition of

that term.  *Id*.; *cf. United States v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985) (defining "substantial

question" as one "which is either novel, which has not been decided by controlling precedent, or

which is fairly doubtful.").  Ultimately, the Tenth Circuit concluded that determining whether a

particular question was "substantial" was a case-by-case inquiry.  *Id*.

 Next, the Tenth Circuit wrote that the language "likely to result in reversal or an order for

a new trial" had to be "read as going to the significance of the substantial issue to the ultimate

disposition of the appeal."  *Id.* at 953 (quoting *Miller*, 753 F.2d at 23).  The Tenth Circuit wrote

further:

 A question of law or fact may be substantial but may, nonetheless, in the circumstances of
 a particular case, be considered harmless, to have no prejudicial effect, or to have been

---

 [2] The Tenth Circuit wrote that this could occur, for example, if an issue was "so patently
without merit that it has not been found necessary for it to have been resolved" or if there was
"no real reason to believe that this circuit would depart from unanimous resolution of the issue
by other circuits."  *Allen*, 765 F.2d at 952 (quoting *Giancola*, 754 F.2d at 901).

insufficiently preserved. A court may find that reversal or a new trial is "likely" only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.

> *Id.* (quoting *Miller*, 753 F.2d at 23).

## III.   DISCUSSION

Defendant seeks to be released on bail pending disposition of his appeal.  As established above, it is Defendant's burden to satisfy the criteria set forth in both §§ 3143(b)(1)(A) and (B).

### A.     Section 3143(b)(1)(A)

Defendant argues that he poses neither a flight risk nor a danger to the community.  In support, Defendant states that he has not violated the conditions of his release from custody since his arrest on November 4, 2009.  In addition, he contends that in the preceding 23 months, the Court has repeatedly made findings that Defendant does not pose a risk of either flight or danger. The United States does not dispute this point, on account of the Court's prior rulings. Accordingly, the Court will consider Defendant to have satisfied § 3143(b)(1)(A).

### B.     Section 3143(b)(1)(B)

Defendant states that his appeal is not for the purpose of delay.  The United States responds by contending that, in fact, Defendant's appeal has been taken for the purpose of delay. Beyond these conclusory statements, however, neither party presents any facts or argument in support of their position.  It is obvious that Defendant's appellate brief is not before this Court and thus that this Court is in a poor position to know the substance of Defendant's appeal.  Even so, as discussed below, Defendant's pending Motion identifies numerous points he presumably will appeal.  Accordingly, the Court finds Defendant has not appealed for the purpose of delay.

Thus, the Court arrives at the heart of the matter: whether Defendant's appeal raises "substantial questions" that are "likely to result in reversal or an order for a new trial." To satisfy this standard, Defendant presents various points first raised in either his Motion for Judgment of Acquittal [ECF No. 238] or his Motion for New Trial Based on Newly Discovered Evidence of a Conflict of Interest [No. 264]. The Court will consider each of these points, in turn.

### 1. Insufficient Evidence of Specific Criminal Intent

Defendant contends that the United States produced insufficient evidence of Defendant's specific criminal intent to defraud the lenders at the time of the wire transfers, and thus that the Court's denial of his Motion for Judgment of Acquittal as to this point presents a substantial question.

The United States presented testimony from the buyers that Defendant knew the financial and occupancy information contained on the loan applications they submitted was false. The United States also presented testimony from the lenders that the false information submitted was material to their decision to authorize loans for the buyers. Finally, the United States also presented evidence of a recorded phone call between Defendant and a buyer, Christopher Sena, in which Defendant specifically warns Sena against telling the FBI about the cash back loan money Sena received from K&E Construction. Furthermore, when the jury returns a guilty verdict, a court considering a challenge to the sufficiency of the evidence must view the evidence presented in the light most favorable to the prosecution. *See*, *e.g.*, *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000). Accordingly, the Court concludes that Defendant's point does not present "a 'close' question, or one that very well could be decided the other way" and therefore fails to raise a substantial question. *Affleck*, 765 F.2d at 952.

6

## 2. *Error in Court's Jury Instruction No. 10*

Next, Defendant contends that Court's Jury Instruction No. 10 was in error because it referred to misrepresentations sent through "the mails" rather than by wire transmissions, and thus that the Court's denial of his Motion for Judgment of Acquittal as to this point presents a substantial question. Jury Instruction No. 10 concerned a good faith defense, and Defendant argues that the jury must have disregarded this instruction entirely, given that no evidence was presented that Defendant made use of the mails.

As an initial matter, the Court notes that rather than disregard this instruction entirely, the jury may well have concluded that it simply did not apply to Defendant based on the evidence presented. In addition, Defendant himself submitted the text of what became Court's Jury Instruction No. 10 [ECF No. 123], and the Court adopted it and provided it to the jury without modification [ECF No. 213, at 20]. Therefore, Defendant's challenge to any error contained in the instruction is precluded by the invited error doctrine. *See United States v. Visinaiz*, 428 F.3d 1300, 1310-11 (10th Cir. 2005).

For these reasons, the Court concludes that Defendant's point does not present "a 'close' question, or one that very well could be decided the other way" and therefore fails to raise a substantial question. *Affleck*, 765 F.2d at 952. In addition, if the presence in the instruction of the words "the mails" is error, then the Courts finds this error to be "harmless" and "to have no prejudicial effect" so that this point is not "likely to result in reversal or an order for a new trial." *Id*. at 953.

## 3. *Absence of Property Interest of Lenders Recognizable under Criminal Law*

Next, Defendant contends that the wire fraud allegedly committed through Defendant's

7

cash back scheme does not implicate a property interest of the lenders that is recognizable under the criminal law.  The substance of Defendant's argument is that the essence of the bargain between the buyers and lenders was a loan in exchange for a security interest in the property purchased, and that the lenders received full value for this bargain because each property was appraised at an amount sufficient to provide full collateral for the loan authorized.  Because the lenders received full collateral for their loans, Defendant argues that the means by which the buyers gained access to the loan monies under contracts with other parties does not implicate a recognizable interest of the lenders.  Defendant contends that the Court's denial of this point in his Motion for Judgment of Acquittal presents a "novel question," because there is no circuit case law on point.

Defendant makes his argument by relying upon Third Circuit precedent.  *See Miller*, 753 F.2d at 23 (a "substantial question" is one which is "novel").  However, the Tenth Circuit cast doubt on that position, by establishing a different definition of "substantial question" and by stating that an issue might not present a "substantial question" even though no controlling precedent existed.  *Allen*, 765 F.2d at 952.  Moreover, what § 3143 requires a defendant to show is the presence of a substantial question, not a novel question, and *Allen* requires this determination to be made on a case-by-case basis, rather by referring to "blanket categories."  *Id.*

Upon conducting the proper inquiry, Defendant's position is without merit.  The fraud alleged by the United States was that Defendant devised a scheme in which he caused buyers to submit loan applications containing misrepresentations to lenders, so that those buyers could obtain loans for which they otherwise would not qualify.  It is indisputable the lenders possessed a recognizable interest in the loan monies they released to the buyers on the basis of fraudulent

8

applications.  *See, e.g.,* 18 U.S.C. § 1343 (wire fraud statute, prohibiting "any scheme or artifice

to defraud, or for obtaining money or property, ...").  Accordingly, the Court concludes that

Defendant's point does not present "a 'close' question, or one that very well could be decided the

other way" and therefore fails to raise a substantial question.  *Affleck*, 765 F.2d at 952.

> *4.  Limitation of Evidence of Defendant's Recorded Conversation to Counts 14 and 15*

Next, Defendant argues that trial exhibits 61 and 61a, the recorded converstation between

Defendant and buyer Christopher Sena, should have been admitted as evidence in support of only

Counts 14 and 15.  Because that evidence should have been admitted only as to those two

Counts, Defendant contends that there is insufficient evidence of his specific criminal intent as to

all others - that is, Counts 1 through 13, 16, and 17 – and that this issue presents a substantial

question.

As Defendant concedes, he did not request this limiting instruction at trial.  When a party

fails to request a cautionary jury instruction, the issue is reviewed for plain error.  *United States

v. Peterman*, 841 F.2d 1474, 1481 (10th Cir. 1988).  To establish plain error, a party must show

an error that is plain, affects the party's substantial rights, and seriously affects the fairness

integrity or public reputation of the judicial proceedings.  *United States v. Olano*, 507 U.S. 725

(1993).  When reviewing the absence of a jury instruction for plain error, a court considers

whether the evidence was introduced for a proper purpose, whether the alleged error was invited

by the complaining party, and whether the alleged error is harmless beyond a reasonable doubt.

*United States v. Pedraza*, 27 F.3d 1515, 1526 (10th Cir. 1994).

The United States responds persuasively that the absence of Defendant's proffered

instruction is not plain error.  The United States contends that exhibits 61 and 61a were

introduced for the proper purpose of showing Defendant's knowledge of and participation in the

cash back scheme, and thus that they are relevant to all Counts because each Count concerns a

transaction that followed a common pattern.  The United States also argues that this alleged error

must be viewed in light of the entirety of the evidence presented of Defendant's criminal intent,

and that the Defendant invited any error by failing to request this instruction.

Accordingly, the Court finds that whether, in the absence of a limiting instruction as to

Exhibits 61 and 61a, the United States presented insufficient evidence of Defendant's specific

criminal intent in Counts 1 through 13, 16, and 17, does not present  "a 'close' question, or one

that very well could be decided the other way" and therefore does not raise a substantial question.

*Affleck*, 765 F.2d at 952.  Defendant's argument also suffers from a second problem, because he

has not argued that there is insufficient evidence to support his conviction on Counts 14 and 15.

Defendant was also sentenced to imprisonment on both of these counts, and each sentence would

remain undisturbed regardless of the resolution of Defendant's evidentiary challenge to the

others.  Defendant's point thus fails, because even if it were to be resolved in his favor, it would

not result in reversal or a new trial of "*all* counts on which imprisonment has been imposed."  *Id*.

at 953 (emphasis added).

### 5.  *Conflation of Motive and Specific Criminal Intent in Closing Argument*

Next, Defendant argues that the United States conflated Defendant's motive with the

elements of specific criminal intent in its closing argument, and thus the Court's denial of this

point in his Motion for Judgment of Acquittal presents a substantial question.  Defendant's

argument is that the jury convicted because the United States argued in its closing that his actions

were motivated by a desire to earn sales commissions, and not because the United States proved

that Defendant acted with the specific intent to defraud.

As established above, however, the United States presented witness testimony and a recorded conversation as evidence of Defendant's intent to defraud, and this evidence must now be viewed in the light most favorable to the prosecution.  In addition, the prosecution is permitted "a reasonable amount of latitude" when arguing the evidence during its closing.  *Duvall v. Reynolds*, 139 F.3d 768, 795 (10th Cir. 1998).  More specifically, it is not error for the prosecution to present argument about a defendant's motives, if there is a basis in the evidence for such an argument.  *See*, *e.g., United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 617 (5th Cir. 1991) (in closing argument, prosecution was entitled to present argument about Defendant's motive based on the evidence that had been presented, even though motive was not an element of charge); *United States v. Roe*, 670 F.2d 956, 970-71 (11th Cir. 1982) (in prosecution for, *inter alia*, wire fraud, prosecution entitled to present argument about Defendant's motive because supporting evidence had been properly admitted).  As Defendant appears to concede, evidence was properly admitted of the fees and commissions Defendant earned by virtue of his role in the cash back scheme property transactions

Accordingly, Defendant's point does not present "a 'close' question, or one that very well could be decided the other way" and thus fails to raise to raise a substantial question.  *Affleck*, 765 F.2d at 952.  In addition, Defendant's point is not likely to result in reversal or an order for a new trial, because any error in the United States' closing argument was harmless and not prejudicial or integral the merits of Defendant's conviction.  *Id*. at 953.

### 6.  *Defendant's Representation Suffered from a Conflict of Interest*

Finally, Defendant argues that his former counsel suffered under a conflict of interest,

11

because that attorney's firm for a short-time also represented a buyer, Pauline Walker,  who

would subsequently testify against Defendant.  Defendant first raised this point in his Motion for

New Trial Based on Newly Discovered Evidence of a Conflict of Interest.  Defendant contends

that the Court's denial of this point presents a "novel question," because his point is based on

unique facts and no there is no circuit case law on point.  As established above, under § 3143 and

*Affleck*, what defendants must raise is a substantial question, and the mere absence of controlling

precedent does automatically satisfy that standard.

 Defendant's argument fails to satisfy that proper standard on the facts presented.  The

Court has discussed these facts at length in a previous order [*see* ECF No. 276, at 1-3].  While

these facts may indeed be unique, they do no suggest that a conflict of interest adversely affected

the brief representation provided to Defendant by his former attorney.  The Court finds that

Defendant has not produced any evidence showing a material impairment of either his former

attorney's performance or Defendant's rights.  Accordingly, Defendant's point does not present

"a 'close' question, or one that very well could be decided the other way" and thus failes to raise

a substantial question.  *Affleck*, 765 F.2d at 952.  In addition, the Court finds that resolution of

Defendant's point on appeal is not likely to require either reversal of his conviction or a new

trial, because substance of his point is so far attenuated from the merits of the case and the

evidence presented at trial.  *Id*. at 953.

**IV.     CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant's Motion

for Release Pending Appeal [ECF No. 295] is **DENIED.**


Dated this 19th day of October, 2011.


_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE